State v. Sharpless

---

STATE OF NORTH CAROLINA v. ODELL SHARPLESS

No. 718SC614

(Filed 15 December 1971)

1. Larceny § 1— larceny from the person
    Larceny from the person is a felony without regard to the value of the property in question. G.S. 14-72(b).

2. Larceny § 7— larceny from the person — sufficiency of evidence
    Issue of defendant's guilt of larceny from the person was properly submitted to the jury.

State v. Sharpless

APPEAL by defendant from *Cohoon, Judge,* 15 March 1971 Session of Superior Court held in LENOIR County.

Defendant pleaded not guilty to an indictment charging that on 7 August 1970 he "unlawfully, wilfully, and feloniously did make an assault on Hosea Dove and him in bodily fear and danger of his life did put, and $85.00 in U. S. currency, of the value of $85.00, from the person and possession of the said Hosea Dove then and there did unlawfully, wilfully, feloniously, forcibly and violently take, steal and carry away."

The State offered the evidence of Hosea Dove, who testified: On 7 August 1970 he was operating a filling station in Kinston; on that date he was acquainted with defendant and had known him for two or three years; about closing time on the night of 7 August 1970, between ten and eleven o'clock, defendant came into the station, got a drink and a cake, didn't say anything, but put a five dollar bill on the counter. Dove testified:

> "I had sacked up my money for going home in a paper bag and had $85.00 in the bag. I had to get the bag back out to make change and I started to reach in the bag to get the money to count it out for him to make change and he snatched the bag and ran. He ran out the front door and down Orion Street and I hollered and told him to stop, but he didn't stop but kept on running."

Defendant testified that he knew Dove, but had not seen him on 7 August 1970 and had never taken anything from him. Defendant and other defense witnesses testified that on the night of 7 August 1970 defendant had been with his girl and other friends at a tavern and at a dance club continuously from about 8 until about 12 o'clock and afterwards they had gone to another club.

In its charge the court submitted the case to the jury on the issue of defendant's guilt or innocence of the felony of larceny from the person. The jury found defendant guilty, and from judgment imposing a prison sentence of not less than six nor more than ten years, defendant appealed. Defendant having been adjudged to be an indigent, counsel was assigned to represent him.

State v. Best

*Attorney General Robert Morgan by Associate Attorney Thomas W. Earnhardt for the State.*

*Perry, Perry & Perry by Warren S. Perry for defendant appellant.*

PARKER, Judge.

[1, 2] We have carefully examined the entire record, considered all assignments of error, and find no error in the trial or in the sentence imposed. There was ample evidence to require submission of the case to the jury on the issue of defendant's guilt or innocence of the crime of larceny from the person, an offense included within the allegations of the indictment. Larceny from the person is a felony without regard to the value of the property in question, G.S. 14-72(b), and the evidence was not such as to justify submission of any issue as to misdemeanor larceny. The trial judge correctly instructed the jury as to defendant's alibi evidence, and the entire charge was free from prejudicial error. Defendant was ably represented at the trial and on this appeal by his assigned counsel. On conflicting evidence the jury has found against him. We find

No error.

Judges CAMPBELL and MORRIS concur.